Good morning, ladies and gentlemen. Judge Smith and I are very pleased today to be joined by Judge Kathy Brattle from the District of Kansas, and thank you so much for taking time out of your busy schedule to help us out in the Ninth Circuit. Happy to do that. Thank you. With that, we'll proceed with the first case on the oral argument calendar, which is National Fire & Marine v. United Policyholders. May it please the Court. Dustin Cho for United Policyholders. I plan to reserve two minutes for rebuttal. Today's audience is an important reminder that public access is the bedrock of faith in the courts. I want to talk separately today about intervening to unseal and intervening to reinstate or unvacate, because even the insurance company doesn't seriously dispute that the district court should have allowed United Policyholders to intervene for purposes of unsealing the decision. The unsealing issue is squarely controlled by this Court's precedents, including San Jose Mercury News. As for reinstatement, this Court's decisions show that the same logic applies. So first, unsealing. The only prerequisite to permissive intervention in order to unseal a document is untimeliness, and the district court held that United Policyholders did not unreasonably delay. Well, wait a minute. It's true that untimeliness is what the district court focused on, but that's because he didn't deal with the fact that you also intended to reinstate and, therefore, were involved in the merits of the case. It was an express condition of the settlement that the order be vacated. You're trying to reinstate that, which is a merits issue. Whether it should have been or not been is not the issue here. The question is can you intervene at this point when you have something that's clearly a substantive issue of this nature? Well, first, Your Honor, respectfully, we would seek to at least intervene in order to unseal, even if for some reason we were not permitted to intervene to reinstate. But secondly — You haven't asked for that, have you? You asked for both. Well, yes, Your Honor. But we clearly have sought those separate relief — separate portions of relief, and I believe in this Court — So you're giving up on the reinstatement? No. No, Your Honor. All right. Well, then why don't you answer Judge Smith's question? To answer Judge Smith's question, reinstatement is not a merits issue. The Court did not consider any merits. Well, sure it is, because it upends the settlement. The case has been dismissed with prejudice. Respectfully — No, that's — that was the condition. Now, we may or may not agree with the district court's decision to vacate, but that's not really an issue here. Respectfully, Your Honor, it's not a merits issue because the Court didn't consider any merits issues. The Court, as you noted, just referred to the fact that supposedly that the settlement was connected to that. But in fact, if you look at the Court's findings, the district court's findings on page 4, there's no finding that it would actually upset the settlement because there's no evidence that it would actually upset the settlement. The Court didn't even deal with that. The Court focused on the timeliness issue because that's all it was going on at that  It didn't focus on that — the reinstatement. But if you look at our case law, San Jose Mercury News, it's clearly distinguishable where you go to the merits. And if you — you just pointed out to the Chief Judge, you're not backing away from your desire to reinstate this. So that is a real merits decision, and there's a different requirement other than just timeliness when you do that. And in this case, I think you actually stipulated that you wouldn't meet the requirement to deal with the substantive change. Do you agree with that? Yes. We do not have a property interest in the outcome at stake. Right. But this is — respectfully, Your Honors, I would submit that this is not a merits decision if you look at this Court's decision in American Games or the Supreme Court's decision in Bonner Mall. It's clear that the Supreme Court has considered this an ancillary issue or reasonably ancillary, whether to vacate after a case has been mooted through settlement, for example. And in fact, this Court and the Supreme Court have expressly considered when or when it is not appropriate to vacate a decision not based on an adjudication of the issues in the case, but merely because the parties have settled. And instead of saying that this is a legitimate concern to be considered, in fact, this Court in American Games said we should smoke out the improper motive of mooting a case through settlement and thereby vacating the decision. That's an inappropriate use of vacater. And it's — respectfully, it's not an issue about the merits. And that is why we wouldn't propose to brief the merits. In addition, Your Honors — But you're not giving up on that either, as you indicated to the Chief Judge. We're not. We would still seek to intervene in order to reinstate. But by reinstate, I simply mean reversing or vacating the Court's order that summarily vacated and sealed its prior decision. It's, you know, a one-sentence order that said I hereby vacate and seal my summary judgment decision in the related docket, the minute entry in the docket. That's what we seek to be able to intervene in order to do. And respectfully, it also does not — We also give forward a great deal of deference to those discretionary decisions of district courts. So leaving aside the fact that it was part of the settlement, how would the — how would the vacation, the Court's own decision to vacate the decision, be implicated here? In other words, leaving aside the settlement, why — why did the district court abuse its discretion in vacating its own order? Well, there — well, I — the merits question is not specifically before this Court  This is a motion to intervene. All right. We weren't even allowed to brief the merits. And in — in the — this Court's decision in San Jose Mercury News, it pointed out that you should not consider the merits in finding a prejudice until you actually allow the party to intervene and then address the merits. So you want to — you want to — playing this out, you want to intervene, and then you want to argue about the merits of the summary judgment, partial summary judgment? We would not brief the merits, no, Your Honor. In fact, we lodged our briefing that we would file in order to seek to reinstate an unsealed decision when we filed our motion to intervene. It does not address any of the merits issues. And that's, frankly, because we don't even — we can't see the opinion. I mean, it's — we can't address the merits issues relating to that opinion because it's sealed. It's not something we even have access to. The — the question, Your Honors, is based on this Court's decision. Based on the — the news reports, you know what it's — what's contained in the decision, right? We have a general understanding of what is contained in this decision. So what's your — is your object to use this as collateral estoppel in some other case? We do not have any present — present knowledge or interest in doing that. This is — United Policyholders just represents the interests of the public. And I do not know of any present intent to use it by any party. The record's clear, is it not, that — that the judgment, an express condition of entering the judgment, the summary judgment and the vacature, was the vacature of the decision, is it not? Was it not? Yes, Your Honor. But that is actually — that counts against the — the district court's decision in this case. In fact, the district court found on page 4, it said, whatever reason the parties had for reaching this agreement, they were entitled to make that agreement. And that's — that's not a finding of prejudice. That's saying it doesn't matter if there's prejudice because there's an agreement. And this Court has held that the parties are not entitled to agree to seal, for whatever reason. That's San Jose Mercury News, where there was an agreement about a protective order. That's also American Games and Bonner Mall, where there's an agreement after settling to try and vacate the decision. That's not a legitimate interest because it's not protecting the public's interest in — But the parties have an interest as well, right? And in this case, they decided to settle, and they did so only because the company in this case said, okay, we will settle, end the litigation, but we want this order vacated. It was an express condition. The district court did not find that, Your Honors. If you look at page 4, it says, intervention. The district court found intervention could potentially affect a material term of the party's settlement. The district court did not actually find that it would upset the settlement. And frankly, Your Honor, I think it's telling that Ms. Cosgrove did not oppose our intervention. This would not — there's no evidence that this would actually upset the settlement, and the district court did not find as such. The only finding that the court relied on was the finding that any agreement for whatever reason would upset — would be a prejudice to the insurer. Would you like to reserve? Yes. Thank you. May it please the Court. My name is Charles Workin. I represent the Appali National Fire and Marine Insurance Company. I think it's important to emphasize, as this Court, I believe, has already recognized, that the motion to intervene below was a substantive motion. It was not a motion made for a limited purpose. So we are not dealing with the standard or test of mere timeliness of the motion. Instead, this motion to intervene sought to reinstate a dispositive order that had been sealed and vacated. Therefore, United must satisfy all three elements of — all three requirements of the San Jose case for permissive intervention. They have satisfied none of them in this case. I need not repeat those elements, but I'd like to focus on the element of timeliness because it brings us to prejudice. And there is prejudice here if this order were to be unsealed and vacated. And let me pause there for a moment to say that I disagree with my friend who says that we have not seriously argued against unsealing. We argued against unsealing and reinstatement simultaneously and collectively and as one. They moved as one. We opposed those two efforts as one. And frankly, they are, in all practical effects, synonymous here. I don't think so. I mean, the decision to unseal is completely separate from the decision to reinstate. What's wrong with unsealing the record? Well — Explain the — apart from the reinstatement, explain to me why unsealing would be inappropriate and harmful to you. Well, you know, then the unsealing is going to make this record public again. And certainly, it was a very material consideration and a condition, as Judge Smith has recognized, of this settlement agreement that this order be sealed and vacated. And if it is unsealed, it is then back in the public domain. And although it may not have preclusive effect in any other cases, which I understand they're not seeking to accomplish anyway, it then becomes, nevertheless, an instrument for them to use in whatever manner they choose, whatever other manner they choose. What's wrong with that? I mean, in the sense that the Court issued its decision and put it on the public record, and you want to conceal it. I don't understand the interest in that from our public point of view when we try to make our records public. Well, let me speak to the public interest here, because I think it's important to notice that in the motion to intervene, public access was not argued at all. And in the opening, it was not argued. No, I understand that, but I'm asking a separate question because, you know, San Jose Mercury News, I think, is spot on in terms of the interest of the public. And of course, it was the media, not a private party, but still the interest of the public in having access to court records. I understand your reluctance on reinstatement. That's tinkering with the merits. But on access to the decision itself, even though it's now vacated, I don't quite understand. Well, Your Honor, it, again, first of all, and I recognize that generally the public has an interest in the Court's records. But that interest is not absolute, as I believe is recognized by San Jose or others. Here, you know, part of the bargain was to seal this case, this decision, in addition to vacating it. And so it was part of their bargain, and they will – these parties will be prejudiced, at least National Fire and Marine believes it will be prejudiced if it is even unsealed, even though not vacated. And so I think – Can you explain the prejudice to me? I understand the fact that if it's vacated and reinstated, somebody could argue that has some collateral effect on a different case.  The prejudice in that respect, Your Honor, is simply the loss of the benefit of the bargain that National Fire and Marine made. That's – on this record, that is all that I can offer you, because the record does not include the reasons of the parties behind this settlement agreement. But what do we know? It looks like the district judge didn't make the – even go through the motions of balancing the prejudice against the public right to know. Well, it wasn't being argued in the motion to intervene. And I think, therefore, that whole subject has been – that issue has been waived. No. I'm talking about at the time the Court decided to seal. And, I mean, that's when the analysis should have been conducted about whether the decision should have been sealed. Thank you for clarifying. Okay. I misunderstood your – My fault. Bad question. No, no. Never your fault. We don't have a good, complete record on that, Your Honor. I understand that when the settlement was proposed to the Court, that there was a telephonic conference with Judge Holland to discuss the fact that the settlement had been reached conditionally, what was being proposed to the Court, and that there was discussion with the Court. But the extent of that discussion is not a part of this record. So I don't think we should presume one way or another. Certainly, we shouldn't presume that the Court did not consider the – the interest of the public in this matter. But putting aside just for a moment the public interest issue, which is an important one, my understanding here is that since the request is to vacate and basically reinstate, as I understand it, United has admitted it can't establish an independent ground for jurisdiction in the case, and there's not a party to litigation where common questions of law are involved. So under our test, it doesn't fit the test for permissive intervention, right? Correct. So that's what I'm struggling with. If we could separate the issue of the vacature, then we might have an entirely different issue. Then we'd be strictly dealing with the public policy issues that have been raised by my colleagues. And San Jose Mercury would be very, very key to it. But here, even under the question in the Court, your opponent has declined to cease its request for a vacature. So you've got a combined substantive request under the rules. How can they qualify for permissive intervention? I don't believe that they can because they are – this is not a motion for a limited purpose. I don't think this is a case comparable to those where the movement is seeking to access discovery materials for use in another case, to lift a protective order, for example. It goes beyond that. And the interesting thing here in these papers is that United Policy Holders has never articulated why it wants this specific order unsealed and vacated. I say again that the two go hand in hand, and it was a part of the bargain. It's an inseparable part of the bargain that was made by these parties and that was approved by this judge after whatever conversation, and that the Court has broad discretion, and that discretion ought not to be disturbed at this level. And one of the problems with the Court's order on timeliness is that the district judge found it was timely, but that it was prejudicial. Now, to me, if he just said, this is untimely, it's six months after I've dismissed the case, it would be more defendable. But here we have a finding of timeliness. How do you square that? Well, he found that it was timely in the sense that there had not been undue delay because they contend they didn't learn of the order until afterwards and couldn't do anything about it until after it had already been vacated. But the timeliness here has an aspect of prejudice, as you know, under the Empire case, I believe it is. And so we have to look at timeliness in that light, and here there is prejudice even though they moved, let's say, as soon as they possibly could. I question that, frankly, because this order was in the public press within weeks of its being issued and before it had been vacated, and I suspect that they actually have the order, but I didn't hear that being conceded here today. But nevertheless, let's just assume they moved as soon as they possibly could. Nevertheless, when they moved, what they sought was going to be prejudicial, and that's what Judge Holland found, because it was going to be contrary to this bargain that these parties had made and would also, I think he had in his mind, as we certainly argued to him then, reinstating it was going to upset not only that bargain, but it was going to deny National Fire its right to appeal from that summary judgment order with which it had disagreed. Do I understand you correctly to say that the order that was ordered sealed was already public before it was sealed? Yes, Your Honor. So basically the sealing is essentially worthless. I wouldn't agree with that, Your Honor. Not useful. To someone looking for it today, it is still sealed. To those few people, whomever they are, who got it in the weeks after it had been issued, you know, they have it. And part of the bargain that was made here, part of the judge's order was not to claw back those documents that the order. I acknowledge that. Thank you, counsel. Thank you, Your Honors. Your Honors, on unsealing, there is zero legitimate interest in sealing a judicial decision that concededly contains no confidential information. Counsel, you just heard the discussion that this order is already public. Do you disagree with that? It was public for a time. It is now sealed. You can't find it on Westlaw. I don't know where you could find it. Okay. Say it's not on Westlaw. Say, you know, somebody that's familiar with this particular case has copies of it. They're around about. It was originally attached to a Law 360 article, and it was removed after the order was sealed, I think. But you have the article in the order, don't you? I reviewed it. I don't have a copy. I reviewed it when it came out, and I have not reviewed it in a year and a half. I haven't searched the Internet for it. I don't know if it's there. With respect to reinstatement, there's no effect on the outcome of this case because this case has been dismissed with prejudice. And I would point you to the Bloom decision. Well, why should a third party be able to intervene for the purpose of altering a district court decision in which it has no stake? Respectfully, Your Honor, this is not a – this is about being able to cite it in future potential cases for guidance for the other courts. That's the reason that the Supreme Court gave, for example, in Bonner Mall. But if it's made public, you can cite it. It's just vacated. Yes. I respectfully submit there is a difference in that. So the only reason you would not want it unvacated is to use it for some collateral estoppel purpose. That's a potential legitimate interest that this Court recognized in Beckman. So when I asked you earlier that you were not going to use it for collateral estoppel purposes, and you said no, are you? I tell you here now, no. I have no knowledge of anyone who even plans to or wishes or intends to. So then what's your stake, your client's stake? We do not need an independent jurisdictional nexus, as this Court explained in the Beckman case, because the Court already retains the inherent authority to be able to rule on a Rule 60 motion on its own motion. And pursuant to Beckman, we're only seeking to allow – urge the Court to do something that it already possesses the jurisdiction to do. And in Bonner Mall, the Supreme Court explained that this is a reasonably ancillary purpose, when after a court has – after a case has been mooted through settlement, the Court retains jurisdiction to be able to vacate or reinstate. Oh, sure. Yeah. But that's completely separate from a third party intervening for that purpose. Well, respectfully, Your Honor, that would go to the merits, then. We haven't been able to intervene because the Court did no balancing and held that there was a prejudice, even though every intervention motion, of course, requires – involves some potential prejudice. The Court did no weighing. It just assumed that there was prejudice here and denied our motion. Thank you, counsel. The case just arguably submitted for decision. Thank you both for your arguments.
judges: Thomas, M. Smith, Vratil